# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-0010V
Filed: May 17, 2019
UNPUBLISHED

| | |
|---|---|
| MAUREEN PASCUAL,<br><br>           Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>           Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barré Syndrome (GBS) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On January 2, 2018, Maureen Pascual ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on October 28, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 10, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS. On May 16, 2019, respondent filed a proffer on

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award of compensation ("Proffer") indicating petitioner should be awarded a lump sum of **$194,629.92** ($160,000.00 for pain and suffering, and $34,629.92 for lost earnings) for all damages.  Proffer at 1-2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $<u>194,629.92</u>** ($160,000.00 for pain and suffering, and $34,629.92 for lost earnings) **in the form of a check payable to petitioner, <u>Maureen Pascual.</u>**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| MAUREEN PASCUAL, | ) | |
| Petitioner, | ) ) ) | No. 18-10V   ECF |
| v. | ) ) | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

### I.   Procedural History

On January 2, 2018, Maureen Pascual ("petitioner") filed a petition seeking compensation ("Petition" or "Pet.") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended* ("Vaccine Act" or "Act"), for an injury sustained as a result of an influenza ("flu") vaccination received on October 28, 2016.  Petition at 1.  Petitioner suffered from Guillain-Barré Syndrome ("GBS"), which is an injury listed on the Vaccine Injury Table ("Table") for the flu vaccine.  On October 10, 2018, respondent filed his Vaccine Rule 4(c) report, conceding a Table injury for GBS.  On October 10, 2018, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for GBS.

### II.   Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$194,629.92** ($160,000.00 for pain and suffering, and $34,629.92 for lost

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

earnings) for all damages.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$194,629.92**, in the form of a check payable to petitioner.[2]  Petitioner agrees.

          Respectfully submitted,

          JOSEPH H. HUNT
          Assistant Attorney General

          C. SALVATORE D'ALESSIO
          Acting Director
          Torts Branch, Civil Division

          CATHARINE E. REEVES
          Deputy Director
          Torts Branch, Civil Division

          GABRIELLE M. FIELDING
          Assistant Director
          Torts Branch, Civil Division

          */s/Darryl R. Wishard*
          DARRYL R. WISHARD
          Senior Trial Attorney
          Torts Branch, Civil Division
          U. S. Department of Justice
          P.O. Box l46, Benjamin Franklin Station
          Washington, D.C.  20044-0146
          Direct dial: (202) 616-4357

Dated:  May 16, 2019          Fax: (202) 616-4310

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.